7655

ROUNTREE v. ATLANTIC COAST LINE R. R. CO.

1. RAILROADS—MASTER AND SERVANT.—There being evidence here tending to show that the master ordered the servant to ride on a dump car on a load of cross-ties, so loaded as it could not be slowed down by the usual method, and not furnished with an appliance for controlling the speed, the Court could not say the only inference from the evidence was that the injury to the servant caused by the cross-ties falling from a jar was caused alone by his negligence or his contributory negligence, or was a mere accident.

2. IBID.—IBID.—CHARGE.—The carrier cannot complain that the Court in the absence of evidence of a rule instructed the jury that if there was a rule forbidding the servant to ride on a dummy car, it was for them to say if it had been abrogated or waived as the assumption of evidence of such a rule was favorable to the carrier.

3. REHEARING refused.

Before WATTS, J., Barnwell, March, 1909. Affirmed.

Action by W. P. Rountree, by guardian, against Atlantic Coast Line R. R. Co. From judgment for plaintiff, defendant appeals.

*Messrs. P. A. Willcox, J. P. Barron, Wyman & Wyman, and Lucian W. McLemore,* for appellant. *Messrs. Willcox and McLemore* cite: *Errors in admission of evidence:* 53 S. E., 362; 146 Fed., 449; 76 N. E., 514; 83 Pac., 1064; 141 Fed., 522; 92 S. W., 251. *Plaintiff confined to specific acts of negligence alleged:* 76 S. C., 557; 45 S. C., 278; 57 S. C., 433. *Servant must not put himself in position of peril even when required by rule of master:* 82 S. C., 542; 70 S. W., 531; 97 Am. St. R., 884; 80 S. C., 237; 72 S. C., 348; 80 S. C. 1. *Charge not in response to evidence is error:* 15 S. C., 93; 55 S. C., 247.

*Messrs. Wyman & Wyman* cite: *Verdict being against charge should be set aside:* 82 S. C., 559. *Contributory neg-*

*ligence on part of servant:* 44 N. E., 1071; 97 Am. St. R., 877; 72 S. C., 348; 22 S. C., 558.

*Messrs. R. C. Holman, R. A. Ellis,* and *E. J. Best,* contra, cite: *When servant may rely on judgment of magistrate as to danger:* 82 S. C., 542.

The opinion in this case was filed July 13, 1910, but held up on petition for rehearing until

August 8, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff, while in the employment of the defendant railroad company, fell from a dump or dummy car loaded with cross-ties: and in this action recovered a verdict of $3,333.00 for the resulting injuries, under the allegation that the fall was due to defendant's negligence. The Circuit Court ordered a new trial unless the plaintiff should remit $1,111.00 from the verdict. The plaintiff complied with the order and entered judgment for $2,222.00, the reduced amount. The main position relied on by defendants in support of the appeal is that the Circuit Court erred in refusing the motion for direction of a verdict in favor of defendants, made on the following grounds: "(1) In that the accident and injury to the plaintiff were due to the entire negligence of the plaintiff. (2) In that the accident and injury to the plaintiff were due to the contributory negligence of the plaintiff. (3) In that the accident and injury to the plaintiff were due to a mere accident without any negligence on the part of this defendant." The defendants assigned error also in the refusal of a motion for a nonsuit made on the same grounds.

The question here is, did the evidence make any one of the inferences stated as the grounds of defendant's motion inevitable? If not, then the issues of sole negligence of the

plaintiff, of contributory negligence and of accident without negligence, could not be decided by the Court and were properly submitted to the jury.    A short statement of the evidence adduced on behalf of the plaintiff will show that there were substantial issues of this kind.    The plaintiff was one of a gang of laborers working on the track of the Atlantic Coast Line Railroad Company under the defendant, J. F. Owens, as section master.    On the 3d day of February, 1908, these laborers were engaged in the work of transporting cross-ties in a dump or dummy car, a small car propelled by hand.    This was loaded under the direction of Owens, who went forward to watch for and signal any approaching train.    The run of the car was down grade, and Owens ordered the plaintiff and the other laborers to ride upon it, though the safest way of taking it, as plaintiff knew, was to walk by the track and control the speed by hand.    All the laborers got on the car, and while it was moving at a high rate of speed, entirely beyond control, the jar caused some of the cross-ties to fall, carrying the plaintiff with them.    Some cars of this kind are provided with a crowbar, which is put through a hole cut in the car floor and used as a brake.    This one had no hole cut for that purpose, and was not provided with a crowbar; but even if these provisions had been made to control its motion, they would have been of no use on this occasion, because the manner of loading the car would have made the hole inaccessible.

If this evidence is credible, manifestly it tended to show that the plaintiff was not provided with a reasonably safe place in which to work, and that he was required to load and ride on the car by a superior agent having the right to direct his services.    Defendant's counsel in the effort to meet this difficulty contend that, taking the evidence of the plaintiff as true, no other inference is possible than that the plaintiff, with no emergency before him, recklessly obeyed an order requiring him to do an obviously dangerous act beyond the peril reasonably incident to his employment.    There was cer-

tainly evidence from which the jury might have drawn such
an inference, but it cannot be said that the evidence admitted
of no other. Whether the risk of riding on a loaded and
uncontrolled dump or dummy car down grade should be
regarded so great that a reasonably prudent man would not
have obeyed an order requiring it, would depend on circum-
stances. The grade might be so steep and long that there
could be no doubt of the obvious folly of the undertaking;
but here the evidence was that the car reached its destination
safely, after a run of about two and a half miles in which it
attained an estimated speed of twenty to thirty miles an
hour; and that the plaintiff and other witnesses, employees
of the railroad company, with the acquiescence of their
superiors, had many times before used cars like this in the
same way without accident. The Court could not in view
of this evidence take the case from the jury on the ground
that no other inference could be drawn than that the danger
was so imminent and obvious that a man of ordinary pru-
dence would have refused to obey the order of his superior
requiring him to incur it. Therefore, under the principle
laid down in *Stevens* v. *Southern Ry. Co.,* 82 S. C., 542,
there was no error in refusing to instruct the jury to find a
verdict for the defendant and in refusing a motion for a new
trial.

There is one other point requiring notice. The defendant
complains of the following instructions: "Now, I charge
you further, as a matter of law, that even if there was a rule
forbidding any of the hands riding on the dummy
car, if the jury conclude that that rule was habitually
violated with the knowledge and acquiescence of the
master, or foreman in charge, and he allowed plaintiff to do
that, and had knowledge of it and acquiesced in it and per-
mitted it, then it is for the jury to say whether or not under
these circumstances that rule was qualified or abrogated or
waived or done away with. I say, if there was a rule for-
bidding the hands to ride on that car, yet, it is for the jury to

say whether or not that rule, in their opinion, was habitually violated with the knowledge of the foreman or master, and he acquiesced in it and allowed it and made no objection to it, then it is for you to say whether under those circumstances the rule was not suspended, or whether it was rescinded or abrogated." The contention is that, while this may be a sound legal proposition, it had no application in this case. It is true there was no evidence of any rule promulgated by the company against riding down grade in a loaded car such as this. But the defendant cannot complain that the Court assumed that there was evidence of such a rule, for the assumption was favorable to the defendants.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

August 8, 1910. PER CURIAM. Careful examination of the petition for rehearing does not convince us that there was any material issue arising on the record overlooked or disregarded in the judgment of the Court.

The petition for rehearing is therefore dismissed and the order heretofore granted staying the remittitur revoked.